IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES EDWARD COX                                                           PLAINTIFF

v.                                    Case No. 6:23-cv-6112

SERGEANT KIMBERLY PREVATT,
Correctional Officer, Omega Unit of the
Arkansas Division of Correction                                           DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant,[1] United States Magistrate Judge for the Western District of Arkansas. ECF No. 72. Judge Bryant recommends that Defendant's Motion for Judgment on the Pleadings (ECF No. 57) be granted. Plaintiff has responded with objections. ECF No. 75. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, files this action pursuant to 42 U.S.C. § 1983. At all times relevant to this lawsuit, Plaintiff was detained at the Omega Unit of the Arkansas Division of Correction. The only remaining claim in this matter is Plaintiff's assertion that on March 22, 2023, when he asked Defendant to sign and seal a legal envelope addressed to an attorney, Defendant read his legal mail. Plaintiff states that the legal mail concerned the instant lawsuit. According to Plaintiff, Defendant stated that she was supposed to read his mail to ensure it was legal mail. Plaintiff asserts that this violated his attorney-client privilege. Plaintiff asks the Court to award him compensatory and punitive damages. Plaintiff specifies that he is suing Defendant in her official capacity only.

In her Motion for Judgment on the Pleadings (ECF No. 57), Defendant argues that the

_____
[1]Judge Bryant is now retired.

Court lacks subject matter jurisdiction over Plaintiff's claim because there is no cognizable federal claim for third-party invasion of the attorney-client privilege. Defendant further argues that Plaintiff's requested relief, compensatory and punitive damages, is not available because Plaintiff sues Defendant only in her official capacity as a state employee. Judge Bryant recommends that the Court grant Defendant's Motion for Judgment on the Pleadings. ECF No. 57. Plaintiff objects.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III. DISCUSSION

Judge Bryant analyzes Plaintiff's claim as if he is alleging First and Sixth Amendment violations based on Defendant's act of reading Plaintiff's legal mail pursuant to her training/instructions.

Privileged legal mail to or from an inmate's attorney and identified as such may not be opened for inspection except in the presence of the prisoner. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). The right to maintain security within prison does not extend to reading inmates' legal mail. *Id.* Because Plaintiff alleges that Defendant read his legal mail, Judge Bryant finds that Plaintiff asserts a plausible First Amendment claim. The Court agrees with Judge Bryant's analysis. Plaintiff does not object to this finding.

Turning now to Plaintiff's Sixth Amendment claim alleging that Defendant intruded on the attorney client privilege, Judge Bryant finds that this claim should be properly construed as a Sixth Amendment right to counsel claim. "To establish a sixth amendment violation, a criminal defendant must show two things: first, that the government knowingly intruded into the attorney-client relationship; and second, that the intrusion demonstrably prejudiced the defendant, or created a substantial threat of prejudice." *United States v. Singer*, 785 F.2d 228, 234 (8th Cir. 1986). The Sixth Amendment, however, only "protect[s] the attorney-client relationship from intrusion in the criminal setting." *Wolff*, 418 U.S. at 576 (citations omitted).

In the instant case, Plaintiff alleges that the legal mail Defendant read concerned his civil case, which is beyond the reach of the Sixth Amendment's right to counsel in criminal cases. Because Plaintiff does not allege an intrusion into an attorney-client relationship in a criminal case, Judge Bryant finds that Plaintiff's Sixth Amendment right to counsel claim is not plausible. The Court agrees with Judge Bryant's analysis and finds that this claim must be dismissed. Plaintiff does not specifically object to this finding but instead generally argues that his claims

3

should proceed to trial.  ECF No. 75, p. 2.

The Court turns now to the issue of immunity.  Judge Bryant finds that even though Plaintiff alleges a plausible First Amendment claim, it is barred by Eleventh Amendment immunity.

Plaintiff alleges that Defendant is employed by the Arkansas Division of Correction. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998).  Thus, Plaintiff's official capacity claims against Defendant are claims against the Arkansas Division of Correction, which is under the umbrella of the Arkansas Department of Corrections.[2]  The Arkansas Department of Corrections is a state agency.

"The Eleventh Amendment bars suits against a State by a citizen of that same State in federal court."  *Williams v. State of Mo.*, 973 F.3d 599, 600 (1992).  Eleventh Amendment immunity extends to state agencies.  *Gibson v. Ark. Dep't of Corr.*, 265 F.3d 718, 720 (8th Cir. 2001).  Thus, Judge Bryant finds that, because the Arkansas Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity.  *See Campbell v. Ark. Dep't of Corr.*, 155 F.3d 950, 962 (the Arkansas Department of Correction is entitled to sovereign immunity). The Court agrees with Judge Bryant's analysis.  Plaintiff's objections do not address the immunity issue.

In sum, even though Plaintiff states a plausible First Amendment claim, the claim is barred by Eleventh Amendment immunity and must be dismissed.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed

---

[2]The Arkansas Department of Correction was reorganized in 2019 to become the Arkansas Department of Corrections.  The new department, Arkansas Department of Corrections, is a cabinet level department within the Arkansas state government and includes the Division of Correction and the Division of Community Corrections.

above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation.   Therefore, the Court overrules Plaintiff's objections (ECF No. 75) and adopts the Report and Recommendation (ECF No. 72) *in toto*.   Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 24th day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

5